Morris Livent and Another, Respondents, *v.* Frank Mostoff, Appellant.

Supreme Court, Erie County, September 22, 1931.

*A. E. Schulgasser,* for the appellant.

*Harry Serotte,* for the respondents.

Harris, J.   The claim against the defendant herein is one for rent under a lease of real property.

A motion was made before the learned trial court for summary judgment on the ground that the defense set up in the answer of the defendant in this action was insufficient as a matter of law. The learned City Court of Buffalo, on hearing such application, struck out the answer and granted judgment, under rules 113 and 114 of the Rules of Civil Practice, in favor of the plaintiffs and against the defendant for the amount demanded in the complaint. For the purposes of this appeal it must be deemed that the learned City Court was satisfied that the defendant, appellant, at the time of the service upon him of the summons in this action, was not a resident of the county of Erie (and, therefore, not a resident of the city of Buffalo), and was served with summons in this action while the said defendant was in the city of Buffalo, Erie county.

The only question presented is whether the City Court of Buffalo can take jurisdiction in a suit on contract against a defendant who is not a resident of the county of Erie and who, at the time of the

service of the summons, was within the city of Buffalo. The defendant, appellant, claims that section 21-a of the City Court Act of the city of Buffalo, as amended by chapter 333 of the Laws of 1926, prevents the City Court of Buffalo from taking jurisdiction against the defendant in this action. Such section 21-a of the City Court Act is as follows:

" § 21-a. General jurisdiction. The territorial jurisdiction of the court shall extend throughout the county of Erie, and it shall have power to send its process and other mandates to any part of the county of Erie for services or execution in an action or special proceeding of which it has jurisdiction, as follows:

" 1. The defendant must be, or, if there are two or more defendants, all of them must be, at the time of commencement of the action residents of the county of Erie. Where the cause of action arose within the county, a non-resident defendant who has an office for the transaction of business within the county is deemed a resident within the provisions of this subdivision.

" 2. The plaintiff or the defendant, or one of the plaintiffs, or one of the defendants must be, at the time of the commencement of the action, a resident of the city of Buffalo, except in an action where all of the plaintiffs are non-residents of the county. A resident of the county of Erie, who has an office for the regular transaction of business within the city of Buffalo is deemed a resident thereof within the provisions of this subdivision.

" 3. A corporation or a joint stock association whose principal place of business is established by or pursuant to a statute or by its articles of association, or whose place of business or any part of its plant or plants, shops, factories or offices, is actually located within the county of Erie or within the city of Buffalo, as the action may be, or in case of a railroad corporation where any portion of the road, operated by it, as the action may be, it is deemed a resident of the county or of the city as the case may be."

The City Court of Buffalo was instituted by and under the provisions of chapter 570 of the Laws of 1909, and by virtue of the provisions of subdivision 17 of section 20 of such chapter and of section 115 of such chapter, the City Court retained the territorial jurisdiction formerly had by the Municipal Court of the city of Buffalo. Such Municipal Court of the city of Buffalo was instituted by and under the provisions of chapter 344 of the Laws of 1880, and continued until the establishment of the City Court by the Laws of 1909. From the establishment of the Municipal Court by the Laws of 1880, to the establishment of the City Court by the Laws of 1909, the charter of the city of Buffalo, in reference to such Municipal Court, was amended by the Laws of 1881,

chapter 401, and the Laws of 1891, chapter 105. The provisions of chapter 344 of the Laws of 1880, in reference to the Municipal Court of Buffalo, provided that the jurisdiction of such Municipal Court should remain the same as that then established for the justices of peace in the city of Buffalo and the justices in the towns (Laws of 1880, chap. 344, § 5, subd. 1). Later amendments continued such provisions (Laws of 1881, chap. 401, § 5; Laws of 1891, chap. 105, §§ 451, 456; Laws of 1908, chap. 387, §§ 511 and 514). Chapter 570 of the Laws of 1909, establishing the City Court of Buffalo, contained two provisions (§ 20, subd. 17, and § 115) which established the jurisdiction of the City Court of Buffalo similar to that of the Municipal Court of Buffalo during its existence and similar to that of the justices of peace and justices of towns prior to the establishment of such Municipal Court. That is, throughout the history of the Municipal Court of the city of Buffalo and until the enactment of section 21-a of the City Court Act by the Laws of 1926, the Municipal Court and the City Court of Buffalo had the same jurisdiction, so far as service of process was concerned, as the justices of peace in the city and the justices of the courts of the towns. Such justices of the peace and such justices of the courts of the towns, prior to and at all such times, had jurisdiction to issue process and to serve the same upon a non-resident who was then within the territorial jurisdiction of such justices. So the Municipal Court of Buffalo and its successor, the City Court of Buffalo, at least until the enactment of such section 21-a by the Laws of 1926, could take jurisdiction if its process were served on a non-resident found within the limits of the city of Buffalo. When it enacted section 21-a of the City Court Act (Laws of 1926, chap. 333) the Legislature still left in the Buffalo City Court Act, subdivision 17 of section 20 (Laws of 1909, chap. 570), as follows: " 17. In other civil actions or proceedings of which the municipal court of Buffalo, or justices of the peace of towns heretofore had jurisdiction, except such as shall be expressly excluded by this act," and the provisions of section 115 of the Buffalo City Court Act, which are as follows: " § 115. Additional jurisdiction. In addition to the jurisdiction hereinbefore specifically conferred upon the city court of Buffalo, the said court and the judges thereof shall have all the jurisdiction heretofore vested in and possessed by the municipal court of Buffalo, the police court, the courts of the justices of the peace, or the judges and justices thereof, except as herein otherwise expressly provided." (Laws of 1909, chap. 570.)

It will be noted that section 21-a, as enacted by chapter 333 of the Laws of 1926, does not in any way expressly provide for a change from the former jurisdiction of the court, and does not expressly

exclude any of such former jurisdiction, and with the history above related of the original jurisdiction of the Municipal Court of Buffalo and the City Court of Buffalo prior to the enactment of such section 21-a, and with the verbiage of such section 21-a before the court, it is necessary to reach the conclusion that the Legislature did not intend to take from the City Court of Buffalo any of its former jurisdiction, including that which gave it the power to serve process upon non-residents found and served within the limits of the city of Buffalo, but intended by enactment of such section 21-a to enlarge the jurisdiction of the City Court. It, therefore, becomes necessary to affirm the judgment of the learned City Court of Buffalo in favor of the plaintiffs and against the defendant, with the sum of twenty-five dollars costs to the respondents in this court.